UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION


GREEN EDGE ENTERPRISES, L.L.C.     )
                                   )
            Plaintiff,             )
                                   )
        v.                         )          No. 4:09 CV 120 DDN
                                   )
INTERNATIONAL MULCH COMPANY, INC.  )
                                   )
            Defendants.            )


## MEMORANDUM AND ORDER OF REMAND

This action is before the court on the motion of defendant, International Mulch Company, Inc. (International Mulch), to stay the proceedings (Doc. 8), and the motion of plaintiff, Green Edge Enterprises, L.L.C. (Green Edge), to remand the case to state court (Doc. 11).  The parties have consented to the exercise of plenary authority by the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c).  (Doc. 15.)


## I.  BACKGROUND

On December 22, 2008, Green Edge brought this action for breach of contract against International Mulch in the Circuit Court of the City of St. Louis.  (Doc. 1, Ex. A.)  In its complaint, Green Edge alleges that it was the owner of the '514 patent involving synthetic mulch, and that the company agreed to license the patent to International Mulch under a licensing agreement signed on April 28, 2005.  (Id. at ¶¶ 3-4.) Green Edge alleges that pursuant to the agreement, International Mulch was to pay it a lump sum of $250,000 and a percentage of International Mulch's gross sales, with a minimum royalty of $10,000 per month.  (Id. at ¶¶ 6-8.)

In Count I of its complaint, Green Edge alleges International Mulch breached the license agreement by failing "to pay the appropriate royalties, as set forth in the Agreement in Paragraph 4.2 to Paragraph 4.3, from April 28, 2005, to present."  (Id. at ¶ 17.)  In Count II of its complaint, Green Edge alleges International Mulch breached the license agreement by failing to pay royalty amounts "as provided by the

Agreement in Paragraph 4.4, for the period from August 17, 2008, to present." (Id. at ¶ 26.)

The license agreement provides, in relevant part

**4.2 Royalty.** In addition to and separate from the Lump Sum Payments provided for above, [International Mulch] will also pay to GREEN EDGE royalty amounts based upon GROSS SALES of MATERIAL sold by [INTERNATIONAL MULCH] in the TERRITORY as set forth below for each calendar year:

   a.    3% of GROSS SALES totaling between $0 and $10 Million;

   b.    3.5% of GROSS SALES in excess of $10 Million but less than $14 Million, with the 3.0% rate applicable to the first $10 Million in GROSS SALES and the 3.5% rate applicable to the sales between $10 Million and $14 Million;

   c.    4.0% of GROSS SALES in excess of $14 Million but less [than] $17 Million, with the 3.0% rate applicable to the first $10 Million in sales, 3.5% applicable to sales between $10 Million and $14 Million, and the 4.0% rate applicable to sales between $14 Million and $17 Million;

   d.    5.0% of GROSS SALES in excess of $17 Million, with the 3.0% rate applicable to the first $10 Million in sales, 3.5% applicable to sales between $10 Million and $14 Million, 4% applicable to sales between $14 Million and $17 Million and the 5.0% rate applicable to sales in excess of $17 Million. The foregoing royalty obligations are referenced below as the Base Royalty.

GROSS SALES . . . shall be deemed to have been made – and the royalty obligation shall be deemed to have arisen – in the month in which the revenue is received by [INTERNATIONAL MULCH]. Royalties shall begin with GROSS SALES of [INTERNATIONAL MULCH] for March, 2005, except that no sales of MATERIALS invoiced prior to March 1, 2005 shall be subject to a royalty obligation, and payment of such royalties, together with royalties due for April, 2005 shall be due May 20, 2005.

. . .

**4.3 Minimum Royalty.** Minimum royalties of $10,000 per month shall be due from [INTERNATIONAL MULCH] to GREEN EDGE. The difference between the Minimum Royalty payment and the amount that would otherwise have been due per the calculations of Paragraph 4.2 shall be credited against future royalty

payments due, except that in no event shall the payment made with respect to a given month be less than $10,000, i.e., the credits may be taken only against monthly royalty amounts in excess of $10,000.

**4.4 Royalty Term.** Subject to the remaining provisions of this Paragraph 4.4, for so long as any of the independent claims of any issued patent constituting part of the PATENT RIGHTS which covers MATERIALS made, used or sold by [INTERNATIONAL MULCH] remains in force and has not been fully adjudged invalid or unenforceable by a court of law or government agency, [INTERNATIONAL MULCH's] obligation under this AGREEMENT to pay Lump Sum Payments and Royalties to GREEN EDGE shall remain in effect as to MATERIALS sold in the geographic area where the patent claims remain in place. If all such independent claims of any such patent are finally adjudged to be invalid or unenforceable, for any reason, then thereafter [INTERNATIONAL MULCH] shall have the right to design, manufacture, have made, use, sell, offer to sell, distribute, import and/or export MATERIALS in any geographic area where invalidated and/or unenforceable claims were previously applicable, free from any obligation to make Lump Sum Payments or pay royalties to, or claim of infringement by, GREEN EDGE.

(Id. at 13-15.) Green Edge alleges this licensing agreement constitutes a valid and binding contract between the two parties. (Id. at ¶ 20.)

On July 18, 2008, International Mulch sent Green Edge written notice that it was terminating the agreement. (Id. at ¶ 12; Doc. 7 at ¶ 12.) On August 22, 2008, International Mulch sent Green Edge a royalty check for sales through August 16, 2008. (Doc. 1 at ¶ 13; Doc. 7 at ¶ 13.)

On January 16, 2009, International Mulch removed the lawsuit to this court, citing federal question jurisdiction under 28 U.S.C. § 1331 and 28 U.S.C. § 1338(a).[1] 28 U.S.C. § 1441(a). International Mulch claims the cause of action arose under federal patent law, specifically 35 U.S.C. § 271(a), and that Green Edge's complaint for breach of contract is nothing more than artful pleading. (Doc. 1 at ¶ 5.)

---

[1]Section 1331 provides for original federal jurisdiction for all civil actions arising under federal law, while section 1338(a) provides for original federal jurisdiction for any civil action relating to patents. 28 U.S.C. §§ 1331, 1338(a).

On January 27, 2009, International Mulch filed an answer and a counterclaim. (Doc. 7.) In its counterclaim, International Mulch seeks a declaratory judgment that it did not breach the license agreement, it does not owe Green Edge any additional royalties, it has not infringed any valid claims of the '514 patent, the '514 patent is invalid, and the license agreement is unenforceable and/or invalid. (Id. at ¶¶ 16, 17, 23.) In support of its declaratory judgment, International Mulch points to an opinion in this district, invalidating Green Edge's '514 patent. (Doc. 1, Ex. D at 10); Green Edge Enters., LLC v. Rubber Mulch Etc., LLC, No. 4:02 CV 566 TIA, 2008 WL 821695, at *5 (E.D. Mo. Mar. 25, 2008) (holding Green Edge failed to disclose the best mode for carrying out the '514 patent, and that its disclosure was "so poor as to constitute concealment," rendering the patent invalid in its entirety).

## II. MOTION TO REMAND

Green Edge moves to remand this case to the Circuit Court of St. Louis County. (Doc. 11.) Green Edge argues that its complaint states a claim for beach of contract, alleging International Mulch failed to pay the proper amount of royalties under the licensing agreement. Green Edge argues its right to relief does not depend on the resolution of any issues related to patent law. Under the well-pleaded complaint rule, Green Edge argues the case should be remanded. (Doc. 12.)

In response, International Mulch argues that Green Edge has artfully pleaded its complaint to avoid federal jurisdiction. In particular, International Mulch argues that patent infringement is a necessary element of Green Edge's breach of contract claim. It argues that Green Edge's right to relief requires resolution of a substantial question of federal law. (Doc. 16.)

## III. MOTION FOR STAY

International Mulch moves to stay these proceedings. (Doc. 8.) It notes that Magistrate Judge Terry Adelman has already invalidated the '514 patent in a pending case. See Green Edge, 2008 WL 821695, at *5. Because that case involves similar parties and similar claims, and is set for trial on May 18, 2009, International Mulch argues that a stay

will simplify the issues in this case and promote judicial efficiency. International Mulch argues that a stay will not prejudice Green Edge, particularly since the instant case is in its infancy and discovery has not yet begun.  (Doc. 9.)

## IV.  DISCUSSION

Federal law provides that the "district courts shall have original jurisdiction of any civil action arising under any Act of Congress relating to patents. . . ."  28 U.S.C. § 1338(a).  The plain language of § 1338(a) requires not only that the action relate to patents, but that the action also arise under the federal patent laws. Speedco, Inc. v. Estes, 853 F.2d 909, 911 (Fed. Cir. 1988).  To demonstrate that a case "arises under" federal patent law, "the plaintiff must set up some right, title or interest under the patent laws, or at least make it appear that some right or privilege will be defeated by one construction, or sustained by the opposite construction of these laws." Christianson v. Colt Indus. Operating Corp., 486 U.S. 800, 807-08 (1988).  In other words, jurisdiction under § 1338 extends only to those cases in which a well-pleaded complaint establishes that federal patent law creates the cause of action, or that the plaintiff's right to relief necessarily depends on the resolution of a substantial question of federal patent law.  Id. at 808.  A plaintiff's right to relief depends on federal patent law when the patent law is a necessary element of one of the well-pleaded claims.  Id.

A court determines if a claim arises under patent law by looking to the plaintiff's well-pleaded complaint, with special attention directed to the relief requested.  Christianson, 486 U.S. at 808; Air Prods. and Chems., Inc. v. Reichold Chems., Inc., 755 F.2d 1559, 1562 (Fed. Cir. 1985).  The court cannot look to any possible arguments by the defendant.  Christianson, 486 U.S. at 809.  As a result, a case raising a federal patent law defense does not "arise under" the patent law - "even if the defense is anticipated in the plaintiff's complaint, and even if both parties admit that the defense is the only question truly at issue in the case."  Id.  While the court cannot consider

logical defenses, it can consider jurisdictional facts outside the pleadings.  <u>Air Prods. and Chems.</u>, 755 F.2d at 1561.

Despite these rules and explanations, interpreting the "arising under" requirement remains a trying task.  <u>See</u> <u>Regents of the Univ. of Minn. v. Glaxo Wellcome, Inc.</u>, 44 F. Supp. 2d 998, 1001 (D. Minn. 1999), <u>aff'd</u>, 58 F. Supp. 2d 1036 (D. Minn. 1999).  "The most difficult single problem in determining whether federal-question jurisdiction exists is deciding when the relation of federal law to a case is such that the action may be said to be one 'arising under' that law."  <u>Id.</u>  As a result, the line separating cases "arising under" the patent law from those cases that simply present a state law contract claim can be a very subtle one.  <u>Evans v. Watts</u>, 194 F. Supp. 2d 572, 574 (E.D. Tex. 2001); <u>Regents of the Univ. of Minn.</u>, 44 F. Supp. 2d at 1005.  Yet, when faced with the issue, courts have consistently held that a contract dispute involving patents does not arise under the patent law for purposes of § 1338 jurisdiction.  <u>Evans</u>, 194 F. Supp. 2d at 574.  "It is a general rule that a suit by a patentee for royalties under a license or assignment granted by him . . . is not a suit under the patent laws of the United States, and cannot be maintained in a federal court as such."  <u>Luckett v. Delpark, Inc.</u>, 270 U.S. 496, 502 (1926).  More to the point, in close cases, the court should resolve any doubts about jurisdiction "in favor of remand to spare the parties proceedings which might later be nullified should jurisdiction be found to be lacking."  <u>Blair v. Schott Scientific Glass Co.</u>, 945 F. Supp. 123, 126 (S.D.W. Va. 1996).

A necessary corollary to the well-pleaded complaint rule is the rule against artful pleading.  <u>See</u> <u>Rivet v. Regions Bank of La.</u>, 522 U.S. 470, 475 (1998).  Under the rule against artful pleading, a plaintiff may not defeat removal by neglecting to plead necessary federal questions.  <u>Id.</u>  If federal law creates the plaintiff's claim, omitting reference to the federal law cannot defeat removal.  <u>Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Trust for S. Cal.</u>, 463 U.S. 1, 23 (1983).  Where a plaintiff has artfully pleaded his claims, a court may uphold removal even though no federal question appears on the face of the plaintiff's complaint.  <u>Rivet</u>, 522 U.S. at 475.

**Count I**

International Mulch has not demonstrated that Count I arises under the federal patent laws.  See Discovision Assocs. v. Fuji Photo Film Co., Ltd., No. 07 Civ. 6348(PAC), 2007 WL 5161825, at *6 (S.D.N.Y. Oct. 29, 2007) (noting that the removing party bears the burden of showing jurisdiction is proper under § 1338).  In Count I of its complaint, Green Edge alleges International Mulch breached the license agreement by failing to pay appropriate royalties for the period running from April 28, 2005, to the present – part of a period during which the '514 patent had not yet been declared invalid. (Doc. 1, Ex. A at 4.)  In its prayer for relief, Green Edge seeks a damage award.  (Id.)

To recover on a breach of contract claim, Green Edge must show: 1) there was an enforceable contract between the parties; 2) mutual obligations arose under the terms of the contract; 3) International Mulch failed to perform its contractual obligations; and 4) that it suffered damages from the breach.  Midwest Bankcentre. v. Old Republic Title Co. of St. Louis, 247 S.W.3d 116, 128 (Mo. Ct. App. 2008).  None of these issues implicates the federal patent laws; International Mulch's obligation to pay royalties under the license agreement does not arise under the patent laws.  See Bonzel v. Pfizer, Inc., 439 F.3d 1358, 1363 (Fed. Cir. 2006).  The contract nature of this action does not change simply because the contract at issue concerns a patent license. Id.; see also Advanced Tech. Prods., Inc. v. BMK Int'l Corp., Civil Action No. H-06-2871, 2006 WL 3358899, at *1 (S.D. Tex. Nov. 17, 2006) ("The mere presence of a patent issue cannot of itself create a cause of action arising under the patent laws.").

Count I concerns questions of whether the defendant paid the proper royalties.  This claim does not raise any issues of inventorship, infringement, validity, or enforceability of the patents at issue; it merely asks for an accounting.  See Odell v. F.C. Farnsworth Co., 250 U.S. 501, 503-04 (1919) ("[T]he case stated in the bill is a suit for royalties based on the contract, and not at all involving the construction of any law relating to patents.  It has been often decided

by this court that such a suit is not one arising under the patent laws. . . .").  In sum, Green Edge's right to relief in Count I does not necessarily depend on the resolution of a substantial question of federal patent law.  See Bonzel, 439 F.3d at 1363.

International Mulch has not shown that Count I arises under § 1338.


**Count II**

International Mulch has not demonstrated that Count II arises under the federal patent laws.  See Discovision, 2007 WL 5161825, at *6.  In Count II of its complaint, Green Edge alleges International Mulch breached the license agreement by failing to pay royalties for the period running from August 17, 2008, to the present. (Doc. 1, Ex. A at 5.)  In its prayer for relief, Green Edge seeks a damage award. (Id.)

Count II states another claim for breach of contract, but for a period during which the '514 patent had already been invalidated on summary judgment.  See Green Edge Enters., 2008 WL 821695, at *5.  Looking to the decision in Green Edge Enterprises and the language of paragraph 4.4, it seems all but certain that Count II is without merit.  Compare (Doc. 1, Ex. A at ¶ 21), with id.

This does not, however, vest a federal court with subject matter jurisdiction.  See Christianson, 486 U.S. at 809.  The court cannot consider the logical defenses to a plaintiff's claim in support of jurisdiction.  Id.; Speedco, 853 F.2d at 912.  This rule applies even if the defense is that the patent at issue is completely invalid.  See Advanced Tech. Prods., 2006 WL 3358899, at *4 ("Even if the patents were completely invalid, the trade secret claims could still go forward [in state court].").  At the same time, this rule does not foreclose International Mulch's defense that the '514 patent has been invalidated.  See Milprint, Inc. v. Curwood, Inc., 562 F.2d 418, 420 (7th Cir. 1977).  It simply means that International Mulch must raise the defense in state court.  Id.; see also Speedco, 853 F.2d at 913 ("The invalidity of the patent merely would be raised by Speedco, if at all, as an excuse for its failure to perform under the contract, and therefore would only be an element of the defense to the contract action to recover the overdue installment payments.").  The state courts are fully capable of applying

federal defenses and the rules of res judicata and collateral estoppel.
See Milprint, 562 F.2d at 420; Advanced Tech. Prods., 2006 WL 3358899,
at *1 n.1.  Indeed, statutory limits on federal jurisdiction, together
with the well-pleaded complaint rule, often lead to state courts
resolving patent issues.  Speedco, 853 F.2d at 914.

Applying these federal rules and laws will not risk transforming
the case into a federal case.  See Bonzel, 439 F.3d at 1363.  In
deciding the contract case, the state court can apply the law of patent
infringement without changing the complaint into one arising under the
patent law.  Id.  "[T]he fact that patent issues are relevant under
state contract law to the resolution of a contract dispute cannot
possibly convert a suit for breach of contract into one 'arising under'
the patent laws as required to render the jurisdiction of the district
court based on section 1338."  Speedco, 853 F.2d at 913.

In support of federal jurisdiction, International Mulch relies on
a number of cases in which patent law was a necessary element of the
plaintiff's claims, or in which the plaintiff's claims required
resolution of an underlying patent issue. As noted above, Green Edge's
breach of contract claims do not look to patent law, and patent law is
not a necessary underlying element of the breach of contract counts.
Cf. U.S. Valves, Inc. v. Dray, 212 F.3d 1368, 1372 (Fed. Cir. 2000)
(noting that the plaintiff needed to show the product being sold was
covered by the licensed patent if it was to prevail on the breach of
contract claim); Highland Supply Co. v. Klerk's Flexible Packaging,
B.V., No. 05-CV-482-DRH, 2005 WL 3534211, at *4 (S.D. Ill. Dec. 21,
2005) (same); Deats v. Swantak, Inc., 619 F. Supp. 973, 981 (N.D.N.Y.
1985) (noting that plaintiff needed to prove infringement if he was to
prevail on his unjust enrichment claim).

International Mulch also relies on Lear v. Adkins, 395 U.S. 653
(1969).  In Lear, the Supreme Court discussed the doctrine of licensee
estoppel, the doctrine by which a licensee may be estopped from
challenging the validity of the subject patent.  Lear, 395 U.S. at 670-
71.  The case did not discuss § 1338 or the "arising under"
jurisprudence, and certainly did not foreclose a patentee from bringing
a breach of contract suit in state court.  See id.  Indeed, the

<u>Lear</u> court remanded the case to the California Supreme Court for resolution of the plaintiff's breach of contract claim and the defendant's defense of patent invalidity. <u>Id.</u> at 660, 676.

More to the point, the complaint does not require resolution of any underlying patent issues. In fact, the underlying patent issue has already been resolved by Judge Adelman. <u>See</u> <u>Green Edge Enters.</u>, 2008 WL 821695, at *5. On remand, the state court will not be responsible for determining the validity or enforceability of the patents at issue. The state court will merely be asked to apply the federal defenses relevant to the case – a task often entrusted to state courts. <u>See</u> <u>Speedco</u>, 853 F.2d at 914-15 (noting that Congress has placed its trust "in the abilities of the state courts to interpret and apply federal law in order to resolve patent issues necessary to the decision of the case before them.").

International Mulch has not shown Count II arises under § 1338. The motion to remand the case to state court is sustained.

**Motion for Stay**

In its removal petition, International Mulch based removal jurisdiction on § 1338(a) and § 1331. (Doc. 1 at ¶ 6.) As noted above, plaintiff's complaint does not arise under § 1338(a). Other than the federal patent laws, International Mulch does not rely on any other federal law in support of § 1331 jurisdiction. Accordingly, the court lacks subject matter jurisdiction over this case. Removal was improper, and the case must therefore be remanded to the Circuit Court of the City of St. Louis. 28 U.S.C. § 1447(c).

The motion to stay is deferred to the state court.

**Declaratory Judgment**

In its counterclaim, International Mulch seeks a declaratory judgment that it did not breach the license agreement, it does not owe Green Edge any additional royalties, it has not infringed any valid claims of the '514 patent, the '514 patent is invalid, and the license agreement is unenforceable and/or invalid. (Doc. 7 at ¶¶ 16, 17, 23.)

The operation of the Declaratory Judgment Act is procedural only. Speedco, 853 F.2d at 911.  The Act does not provide an independent source of federal jurisdiction; it only allows declaratory relief when some other ground for federal jurisdiction exists.  Id.; Evans, 194 F. Supp. 2d at 576.  Since there are no grounds for federal jurisdiction, the claim for a declaratory judgment will be before the state court for determination.  See Evans, 194 F. Supp. 2d at 576.

## V.  CONCLUSION

As a court of limited jurisdiction, a federal court must assure itself that it has subject matter jurisdiction in every case. Mansfield, C. & L.M. Ry. Co. v. Swan, 111 U.S. 379, 383 (1884).  The necessity of this inquiry "is inflexible and without exception," and stems "from the nature and limits of the judicial power of the United States. . . ."  Id. at 382.  In this case, Green Edge brought a breach of contract action in  the Circuit Court of the City of St. Louis. While the plaintiff's breach of contract case relates to issues of patent law, it does not "arise under" the federal patent laws. See Excelsior Wooden Pipe Co. v. Pac. Bridge Co., 185 U.S. 282, 285 (1902) ("The rule is well settled that, if the suit be brought to enforce or set aside a contract, though such contract be connected with a patent, it is not a suit under the patent laws. . . .").  For these reasons,

**IT IS HEREBY ORDERED THAT** the motion of the plaintiff, Green Edge Enterprises, L.L.C., to remand the case to the Circuit Court of the City of St. Louis (Doc. 11) is sustained.

**IT IS FURTHER ORDERED THAT** the motion of the defendant, International Mulch Company, Inc., to stay the proceedings (Doc. 8) is deferred to the state court.

**IT IS FURTHER ORDERED THAT** the claim of the defendant, International Mulch Company, Inc., for a declaratory judgment (Doc. 7) is deferred to the state court.

/S/ David D. Noce
                              **UNITED STATES MAGISTRATE JUDGE**

Signed on March 30, 2009.